UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

AMAZON.COM, INC., a Delaware
corporation; and YETI COOLERS, LLC, a
Delaware limited liability company,

                    Plaintiffs,

     v.

MICHAEL WHITE, an individual; KAREN
WHITE, an individual; collectively d/b/a
Gadsen Flags in USA AKA Cyber Venzz AKA
Cyber Dream AKA PhoneCleaner, and d/b/a
The Cyber Bargain Portal AKA Cloud Technic;
and  DOES 1-10,

                    Defendants.

No. 2:20-cv-20-1773

**COMPLAINT FOR DAMAGES
AND EQUITABLE RELIEF**

## I.     INTRODUCTION

1.     YETI is a global designer, retailer, and distributor of innovative outdoor

products, from coolers and drinkware to backpacks and bags.  For many years, YETI has

developed, manufactured, and sold its premium products bearing YETI's distinctive

trademarks, and the public has come to associate products sold under these trademarks with

YETI's reputation for exceptional quality.  YETI has built a strong following of brand loyalists

throughout the world, ranging from serious outdoor enthusiasts to individuals who simply value

products of uncompromising quality and design.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 1

2.      One of YETI's most popular products is its YETI RAMBLER® drinkware series, made from durable stainless steel with double-wall vacuum insulation to protect both hot and cold beverages.  Specifically, the design and features of the RAMBLER® drinkware products have received widespread public acclaim.  *Outside* magazine recently called YETI's RAMBLER® mug "the best mug ever made."

3.      This case involves the Defendants' unlawful importation and resale of significant quantities of counterfeit "YETI" branded products in the Amazon store.  Amazon and YETI jointly bring this lawsuit to permanently prevent and enjoin Defendants from causing future harm to Amazon's and YETI's customers, reputations, and intellectual property, and to hold Defendants accountable for their illegal actions.

4.      The Amazon store offers products and services to customers in more than 100 countries around the globe.  Some of the products are sold directly by Amazon, while others are sold by Amazon's numerous third-party selling partners.  The Amazon brand is one of the most recognized, valuable, and trusted brands in the world.  In order to protect customers and safeguard its reputation for trustworthiness, Amazon invests heavily in both time and resources to prevent counterfeit goods from being sold in its store.

5.      From approximately February 2020 to September 2020, Defendants advertised, marketed, offered, and sold counterfeit YETI products in the Amazon store, using the YETI® Trademarks, without authorization, to deceive customers about the authenticity and origin of the products and the products' affiliation with YETI.  Despite receiving cease and desist notices from YETI, Defendants willfully continued to advertise, market, offer, and sell counterfeit YETI products. These counterfeit sales have resulted in consumer confusion and significantly harmed YETI and the consumer goodwill associated with the YETI brand.

6.      As a result of their illegal actions, Defendants have infringed and misused YETI's intellectual property ("IP"), willfully deceived and harmed Amazon, YETI, and their customers, compromised the integrity of the Amazon store, and undermined the trust that customers place in Amazon and YETI.  Defendants' illegal actions have caused Amazon and

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 2

YETI to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from inflicting future harm to Amazon, YETI, and their customers.

## II.   PARTIES

7.     Amazon.com, Inc. is a Delaware corporation with its principal place of business in Seattle, Washington.  Through its subsidiaries, Amazon.com, Inc. owns and operates the Amazon.com website, counterpart international websites, and the Amazon store (collectively, "Amazon").

8.     YETI Coolers, LLC ("YETI") is a Delaware limited liability company with its principal place of business in Austin, Texas.

9.     Defendants are a collection of individuals, both known and unknown, who conspired and operated in concert with each other to engage in the counterfeiting scheme alleged in this Complaint.  Defendants are subject to liability for their wrongful conduct both directly and under principles of secondary liability including, without limitation, respondeat superior, vicarious liability, and/or contributory infringement.

10.     On information and belief, Defendant Michael White, d/b/a Gadsen Flags in USA AKA Cyber Venzz AKA Cyber Dream AKA PhoneCleaner ("Gadsen Flags in USA"), and d/b/a The Cyber Bargain Portal AKA Cloud Technic ("The Cyber Bargain Portal"), is an individual who resides in San Diego, California, who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

11.     On information and belief, Defendant Karen White, d/b/a Gadsen Flags in USA and d/b/a The Cyber Bargain Portal, is an individual who resides in San Diego, California, who personally participated in and/or had the right and ability to supervise, direct, and control the wrongful conduct alleged in this Complaint, and derived a direct financial benefit from that wrongful conduct.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

12.     On information and belief, Defendants Does 1-10 (the "Doe Defendants") are individuals and entities working in active concert with each other and the named Defendants to knowingly and willfully manufacture, import, advertise, market, offer, and sell counterfeit YETI® products.  The identities of Does 1-10 are presently unknown to Plaintiffs.

### III.     JURISDICTION AND VENUE

13.     The Court has subject matter jurisdiction over Amazon and YETI's Lanham Act and Tariff Act claims for 1) trademark infringement and trademark counterfeiting; 2) false designation and false advertising; and 3) unlawful importation of goods bearing infringing marks pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a).  The Court has subject matter jurisdiction over Amazon and YETI's claim for violation of the Washington Consumer Protection Act pursuant to 28 U.S.C. §§ 1332 and 1367.

14.     The Court has personal jurisdiction over all Defendants because they transacted business and committed tortious acts within and directed to the State of Washington, and Amazon's and YETI's claims arise from those activities.  Defendants affirmatively undertook to do business with Amazon, a corporation with its principal place of business in Washington, and sold through the Amazon store products bearing counterfeit versions of the YETI® Trademarks and which otherwise infringed YETI's IP.  Defendants shipped products bearing counterfeit versions of the YETI® Trademarks to consumers in Washington.  Each of the Defendants committed, or facilitated the commission of, tortious acts in Washington and has wrongfully caused Amazon and YETI substantial injury in Washington.

15.     Further, the named Defendants have consented to the jurisdiction of this Court by agreeing to the Amazon Services Business Solutions Agreement ("BSA"), which provides that the "Governing Courts" for claims to enjoin infringement or misuse of intellectual property rights are state or federal courts located in King County, Washington.

16.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in the Western District of Washington.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

17.     Venue is proper in this Court also with respect to Defendants by virtue of the allegations stated in paragraph 14 above, which are incorporated herein.

18.     Pursuant to Local Civil Rule 3(d), intra-district assignment to the Seattle Division is proper because the claims arose in this Division, where (a) Amazon resides, (b) injuries giving rise to suit occurred, and (c) Defendants directed their unlawful conduct.

## IV.     FACTS

### A.     Amazon's Efforts to Prevent the Sale of Counterfeit Goods

19.     Amazon works hard to build and protect the reputation of its store as a place where customers can conveniently select from a wide array of authentic goods and services at competitive prices.  Amazon invests a vast amount of resources to ensure that when customers make purchases through the Amazon store—either directly from Amazon or from one of its millions of third-party sellers—customers receive authentic products made by the true manufacturer of those products.

20.     A small number of bad actors seeks to take advantage of the trust customers place in Amazon by using or attempting to use the Amazon store to advertise, market, offer, sell and distribute counterfeit products.  These bad actors seek to misuse and infringe the trademarks and other IP of the true manufacturers of those products to deceive Amazon and its customers.  This unlawful and expressly prohibited conduct undermines the trust that customers, sellers, and manufacturers place in Amazon, and tarnishes Amazon's brand and reputation, thereby causing irreparable harm to Amazon.

21.     Amazon prohibits the sale of inauthentic and fraudulent products and is constantly innovating on behalf of customers and working with brands, manufacturers, rights owners, and others to improve the detection and prevention of counterfeit products ever being offered to customers through the Amazon store.  Amazon employs dedicated teams of software engineers, research scientists, program managers, and investigators to prevent counterfeits from being offered in the Amazon store.  Amazon's systems automatically and continuously scan thousands of data points to detect and remove counterfeits from its store and to terminate the

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

Vendor and Selling Accounts of bad actors before they can offer counterfeit products.  Each week Amazon monitors more than 45 million pieces of feedback it receives from customers, rights owners, regulators, and selling partners.  When Amazon identifies issues based on this feedback, it takes action to address them.  Amazon uses this intelligence also to improve its proactive prevention controls.

22.     In 2017, Amazon launched the Amazon Brand Registry, a free service to any rights owner with a government-registered trademark, regardless of the brand's relationship with Amazon.  Brand Registry delivers automated brand protections that use machine learning to predict infringement and proactively protect brands' IP.  Brand Registry also provides a powerful Report a Violation Tool that allows brands to search for and accurately report potentially infringing products using state-of-the-art image search technology.  More than 350,000 brands, including YETI, are enrolled in Brand Registry, and those brands are finding and reporting 99% fewer suspected infringements since joining Brand Registry.

23.     In 2018, Amazon launched Transparency, a product serialization service that effectively eliminates counterfeits for enrolled products.  Brands enrolled in Transparency can apply a unique 2D code to every unit they manufacture, which allows Amazon, other retailers, law enforcement, and customers to determine the authenticity of any Transparency-enabled product, regardless of where the product was purchased.  Since Transparency's launch in 2018, over 10,000 brands have enrolled, protecting brands and customers from counterfeits being sold in the Amazon store.

24.     In 2019, Amazon launched Amazon Project Zero, a program to empower brands to help Amazon drive counterfeits to zero.  Amazon Project Zero introduced a novel self-service counterfeit removal tool that enables brands to remove counterfeit listings directly from the Amazon store.  This enables brands to take down counterfeit product offerings on their own within minutes.  Since the program launched in 2019, over 10,000 brands have enrolled.

25.     In addition to these measures, Amazon actively cooperates with rights owners and law enforcement to identify and prosecute bad actors suspected of engaging in illegal

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 6

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

activity. Lawsuits, like this one, are integral components of Amazon's efforts to combat counterfeits.

**B.    YETI and Its Anti-Counterfeiting Efforts**

26.    YETI owns, manages, enforces, licenses, and maintains intellectual property, including various trademarks. YETI has caused several trademarks to be registered on the Principal Register of the U.S. Patent and Trademark Office in connection with a range of high quality goods including portable coolers and insulated drinkware products. Relevant to this Complaint, YETI owns the following valid and registered trademarks ("YETI® Trademarks"):

| **Mark** | **Registration No. (International Classes)** | **Registration Date** |
|---|---|---|
| YETI | Trademark Reg. No. 3,203,869 (Class 21) | January 30, 2007 |
| YETI | Trademark Reg. No. 5,392,333 (Class 40) | January 30, 2018 |
| YETI | Trademark Reg. No. 5,330,469 (Class 40) | November 7, 2017 |
| RAMBLER | Trademark Reg. No. 5,233,441 (Class 21) | June 27, 2017 |
| YETI RAMBLER | Trademark Reg. No. 5,409,905 (Class 21) | February 27, 2018 |

True and correct copies of the registration certificates for the YETI® Trademarks are attached as **Exhibit A**.

27.    YETI has extensively and continuously used, advertised, and promoted the YETI® Trademarks in the United States in association with the sale of high quality goods, spending millions of dollars promoting the YETI® Brand and products bearing the YETI®

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

Trademarks.  As a result of YETI's efforts, consumers know and identify products bearing or sold under the YETI® Trademarks as being high quality merchandise sponsored and approved by YETI.  YETI goes to great lengths to maintain this recognition and to protect consumers from counterfeits of its products, and is committed to leading efforts to combat counterfeit products.  YETI carefully monitors and polices the use of the YETI® Trademarks, utilizing both internal and external resources to combat counterfeits, piracy and distribution abuse online.

28.     YETI is currently enrolled in and utilizes Amazon Brand Registry and Project Zero.

29.     Counterfeit YETI products harm YETI's reputation for quality because these inferior products do not conform to YETI's design, specifications, production standards or quality control.  YETI manufactures its drinkware products according to internal quality control standards to ensure the safety of its products for the consuming public.  Counterfeit products do not likely meet these stringent specifications and may contain low quality materials.  As a result, counterfeit products that bear markings similar to, or substantially indistinguishable from, the YETI® Trademarks provide customers with a false assurance that the products they have purchased are authorized by YETI and reliably conform to YETI's high standards.

**C.     Defendants Created Amazon Selling Accounts and Agreed Not to Sell Counterfeit Goods**

30.     Defendants controlled and operated the Amazon Selling Accounts detailed in sections D and E below through which they sought to import, advertise, market, sell, and distribute counterfeit YETI®-branded products.  In connection with these Selling Accounts, Defendants provided names, email addresses, and banking information for each account.

31.     To become a third-party seller in the Amazon store, sellers are required to agree to the BSA, which governs the applicant's access to and use of Amazon's services and states Amazon's rules for selling through the website.  By entering into the BSA, each seller represents and warrants that it "will comply with all applicable laws in [the] performance of

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

[its] obligations and exercise of [its] rights" under the BSA.  A true and correct copy of the applicable version of the BSA, namely, the version when Defendants last used Amazon's Services, is attached as **Exhibit B**.

32.    The BSA incorporates, and sellers therefore agree to be bound by, Amazon's Anti-Counterfeiting Policy, the applicable version of which is attached as **Exhibit C**.  The Anti-Counterfeiting Policy expressly prohibits the sale of counterfeit goods in the Amazon store:

- The sale of counterfeit products is strictly prohibited.

- You may not sell any products that are not legal for sale, such as products that have been illegally replicated, reproduced, or manufactured[.]

- You must provide records about the authenticity of your products if Amazon requests that documentation[.]

Failure to abide by this policy may result in loss of selling privileges, funds being withheld, destruction of inventory in our fulfilment centers, and other legal consequences.

*Id.*

33.    Amazon's Anti-Counterfeiting Policy further describes Amazon's commitment to preventing the sale and distribution of counterfeit goods in the Amazon store together with the consequences of doing so:

- Sell Only Authentic and Legal Products. It is your responsibility to source, sell, and fulfill only authentic products that are legal for sale. Examples of prohibited products include:

  o Bootlegs, fakes, or pirated copies of products or content

  o Products that have been illegally replicated, reproduced, or manufactured

  o Products that infringe another party's intellectual property rights

- Maintain and Provide Inventory Records. Amazon may request that you provide documentation (such as invoices) showing the authenticity of your products or your authorization to list them for sale. You may remove pricing information from these documents, but providing documents that have been edited in any other way or that are misleading

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

is a violation of this policy and will lead to enforcement against your account.

- Consequences of Selling Inauthentic Products. If you sell inauthentic products, we may immediately suspend or terminate your Amazon selling account (and any related accounts), destroy any inauthentic products in our fulfillment centers at your expense, and/or withhold payments to you.

- Amazon Takes Action to Protect Customers and Rights Owners. Amazon also works with manufacturers, rights holders, content owners, vendors, and sellers to improve the ways we detect and prevent inauthentic products from reaching our customers. As a result of our detection and enforcement activities, Amazon may:

  o Remove suspect listings.

  o Take legal action against parties who knowingly violate this policy and harm our customers. In addition to criminal fines and imprisonment, sellers and suppliers of inauthentic products may face civil penalties including the loss of any amounts received from the sale of inauthentic products, the damage or harm sustained by the rights holders, statutory and other damages, and attorney's fees.

- Reporting Inauthentic Products. We stand behind the products sold on our site with our A-to-z Guarantee, and we encourage rights owners who have product authenticity concerns to notify us. We will promptly investigate and take all appropriate actions to protect customers, sellers, and rights holders. You may view counterfeit complaints on the Account Health page in Seller Central.

*Id.*

34. When they registered as third-party sellers in the Amazon store, and established their Selling Accounts, Defendants agreed not to source, advertise, market, offer, sell or distribute counterfeit products.

### D. U.S. Customs and Border Protection Seizes Imported Counterfeit YETI®-branded MagSlider™ lids

35. At all times described herein, Selling Account The Cyber Bargain Portal was controlled and operated by Defendants and, on information and belief, other parties, known and unknown.

36. On March 31, 2020, U.S. Customs and Border Protection ("CBP") seized a shipment of cup lids bearing YETI® marks on suspicion that the shipment contained

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 10

counterfeit product.  On April 16, 2020, an officer from CBP in Anchorage, Alaska contacted YETI for authentication of 500 YETI®-branded lids.  YETI confirmed the lids seized were not authentic.

37.     On April 28, 2020, CBP sent YETI notice of the seizure and forfeiture of the counterfeit YETI®-branded lids.  The letter indicated the product was shipped from an exporter named Hangzhou Business Logistics Technology in China and imported by The Cyber Bargain Portal.  The letter also listed the address of the importer, which is the same address utilized by the named Defendants when creating Selling Accounts The Cyber Bargain Portal and Gadsen Flags in USA.  On information and belief, Defendants were responsible for the importation of the seized product.  A true and correct copy of the CBP notice is attached hereto as **Exhibit D**.

38.     On May 22, 2020, YETI sent a cease and desist letter to The Cyber Bargain Portal at the address utilized by both Selling Accounts, providing notice to Defendants of YETI's rights and Defendants' obligation to preserve all evidence.  YETI sought informal cooperation from Defendants.  No response has been received to date.  A true and correct copy of this cease and desist letter is attached hereto as **Exhibit E**.

**E.     Defendant's Direct Sale of Counterfeit Products to Consumers through the Amazon Store**

39.     At all times described herein, Selling Account Gadsen Flags in USA was controlled and operated by Defendants and, on information and belief, other parties, known and unknown.  Selling Account Gadsen Flags in USA is registered to Defendants at the same address as Selling Account The Cyber Bargain Portal.

40.     On June 26, 2020, YETI conducted a test purchase from Selling Account Gadsen Flags in USA for what was advertised as a YETI RAMBLER® 20 oz. Tumbler, Stainless Steel, Vacuum Insulated with MagSlider™ Lid in Peak Purple.  Defendants shipped a product that bore the YETI® Trademarks and other indications of its brand.  YETI product experts examined the product and determined that it is counterfeit.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

41.     Amazon then reviewed products offered for sale in the Amazon store by Gadsen Flags in USA and identified additional products that were suspected counterfeit due in part to the number of customer complaints.  The products identified included (1) YETI RAMBLER® 20 oz. Tumbler, Stainless Steel, Vacuum Insulated with MagSlider™ Lid in Harbor Pink, and (2) YETI RAMBLER® 20 oz. Tumbler, Stainless Steel, Vacuum Insulated with MagSlider™ Lid in Canyon Red.

42.     On August 19, 2020, YETI sent a cease and desist letter to the attention of Defendant Michael White, owner and operator of Amazon accounts Gadsen Flags in USA and The Cyber Bargain Portal, which again provided notice of YETI's rights and Defendants' obligation to preserve all evidence.  YETI sought informal cooperation from Defendants, but again, no response has been received to date.  A true and correct copy of this cease and desist letter is attached hereto as **Exhibit F**.

**F.      Amazon and YETI Shut Down Defendants' Accounts**

43.     By selling counterfeit YETI products, Defendants falsely represented to Amazon and its customers that the products Defendants sold were genuine products made by YETI. Defendants also knowingly and willfully used YETI's IP in connection with the importation, advertisement, marketing, distribution, offering for sale, and sale of counterfeit YETI products.

44.     At all times, Defendants knew they were prohibited from violating third-party IP rights or any applicable laws while selling products in the Amazon store.  Defendants have deceived Amazon's and YETI's joint customers, infringed and misused YETI's IP rights, harmed the integrity of and customer trust in the Amazon store, and tarnished Amazon's and YETI's brands.

45.     Amazon, after receiving notice from YETI, verified Defendants' unlawful sale of counterfeit YETI products on the Gadsen Flags in USA account and promptly blocked that Selling Account.  After review and confirming the relationship of The Cyber Bargain Portal account to the Gadsen Flags in USA account, Amazon additionally blocked that Selling

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 12

Account.  In doing so, Amazon exercised its rights under the BSA to protect customers and the reputations of Amazon and YETI.

## V.    CLAIMS

### FIRST CLAIM
*(by YETI against all Defendants)*
**Trademark Infringement and Trademark Counterfeiting– 15 U.S.C. § 1114**

46.    Plaintiff YETI incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

47.    Defendants' activities constitute trademark counterfeiting and infringement of the YETI® Trademarks as described in the paragraphs above.

48.    YETI advertises, markets, offers, and sells its products using the YETI® Trademarks described above and uses those trademarks to distinguish its products from the products and related items of others in the same or related fields.

49.    Because of YETI's long, continuous, and exclusive use of the YETI® Trademarks identified in this Complaint, the trademarks have come to mean, and are understood by customers and the public to signify, products from YETI.

50.    Defendants unlawfully advertised, marketed, offered, and sold products bearing counterfeit versions of the YETI® Trademarks with the intent and likelihood of causing customer confusion, mistake, and deception as to the products' source, origin, and authenticity. Defendants knew or had reason to know of the YETI® Trademarks and YETI's rights to the exclusive use of the same and their actions were conducted intentionally with complete disregard to YETI's rights.  Specifically, Defendants intended customers to believe, incorrectly, that the products originated from, were affiliated with, and/or were authorized by YETI and likely caused such erroneous customer beliefs.  Accordingly, Defendants' actions constitute willful counterfeiting of the YETI® Trademarks.

51.    As a result of Defendants' wrongful conduct, YETI is entitled to recover its actual damages, Defendants' profits attributable to the infringement, and treble damages and

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 13

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

attorney fees pursuant to 15 U.S.C. § 1117(a) and (b).  Alternatively, YETI is entitled to statutory damages under 15 U.S.C. § 1117(c).

52.     YETI is further entitled to injunctive relief, including an order impounding all infringing products and promotional materials in Defendants' possession.  YETI has no adequate remedy at law for Defendants' wrongful conduct because, among other things: (a) the YETI® Trademarks are unique and valuable property that have no readily determinable market value; (b) Defendants' infringement constitutes harm to YETI and YETI's reputation and goodwill such that YETI could not be made whole by any monetary award; (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin, or authenticity of the infringing materials; and (d) Defendants' wrongful conduct, and the resulting harm to YETI, is likely to be continuing.

**SECOND CLAIM**
*(by YETI against all Defendants)*
**False Designation of Origin and Description – 15 U.S.C. § 1125(a)**

53.     Plaintiff YETI incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

54.     YETI owns the YETI® Trademarks and advertises, markets, offers, and sells its products using the trademarks described above and uses the trademarks to distinguish its products from the products and related items of others in the same or related fields.

55.     Because of YETI's long, continuous, and exclusive use of the YETI® Trademarks, the trademarks have come to mean, and are understood by customers and the public to signify, products from YETI.

56.     Defendants' wrongful conduct includes the infringement of the YETI® Trademarks in connection with Defendants' commercial advertising or promotion, and offering for sale and sale, of counterfeit YETI products in interstate commerce.

57.     In advertising, marketing, offering, and selling products bearing counterfeit versions of the YETI® Trademarks, Defendants have used, and on information and belief continue to use, the trademarks referenced above to compete unfairly with YETI and to deceive

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

customers.  Upon information and belief, Defendants' wrongful conduct misleads and confuses customers and the public as to the origin and authenticity of the goods and services advertised, marketed, offered, or sold in connection with the YETI® Trademarks and wrongfully trades upon YETI's goodwill and business reputation.

58.  Defendants' conduct constitutes (a) false designation of origin, (b) false or misleading description, and (c) false or misleading representation that products originate from or are authorized by YETI, all in violation of 15 U.S.C. § 1125(a)(1)(A).

59.  Defendants' conduct also constitutes willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

60.   YETI is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below.  Defendants' acts have caused irreparable injury to YETI which, on information and belief, is continuing.  An award of monetary damages cannot fully compensate YETI for its injuries, and YETI lacks an adequate remedy at law.

61.  YETI is further entitled to recover Defendants' profits, YETI's damages for its losses, and YETI's costs to investigate and remediate Defendants' conduct and bring this action, including its attorney's fees, in an amount to be determined.  YETI is also entitled to the trebling of any damages award as allowed by law.

### THIRD CLAIM
### *(by YETI against all Defendants)*
### Unlawful Importation of Goods Bearing Infringing Marks – 15 U.S.C. § 1124

62.  Plaintiff YETI incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

63.  YETI owns the YETI® Trademarks and advertises, markets, offers, and sells its products using the trademarks described above and uses the trademarks to distinguish its products from the products and related items of others in the same or related fields.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 15

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

64.     Because of YETI's long, continuous, and exclusive use of the YETI®
Trademarks, the trademarks have come to mean, and are understood by customers and the
public to signify, products from YETI.

65.     Defendants' acts as alleged herein constitute the importation of merchandise
which bears copies or simulations of the YETI® Trademarks, in violation of 15 U.S.C. § 1124.

66.     Defendants' use of the infringing marks was willful, intentional, and done with
the knowledge that the marks are counterfeit marks, as defined in 15 U.S.C. § 1116(d).

67.     Defendants' acts entitle YETI to damages for all of Defendants' profits derived
from their past unlawful conduct, trebled, to the full extent provided under 15 U.S.C.
§ 1117(a)-(b), or in the alternative to statutory damages under 15 U.S.C. § 1117(c).

68.     YETI is entitled to an injunction against Defendants, their officers, agents,
representatives, servants, employees, successors and assigns, and all other persons in active
concert or participation with them, as set forth in the Prayer for Relief below.  Defendants' acts
have caused irreparable injury to YETI which, on information and belief, is continuing.  An
award of monetary damages cannot fully compensate YETI for its injuries, and YETI lacks an
adequate remedy at law.

**FOURTH CLAIM**
*(by YETI against all Defendants)*
**Unlawful Importation of Goods Bearing Registered United States Trademarks in
Violation of Section 526(a) of the Tariff Act – 19 U.S.C. § 1526(a)**

69.     Plaintiff YETI incorporates by reference the allegations of the preceding
paragraphs as though set forth herein.

70.     YETI owns the YETI® Trademarks and advertises, markets, offers, and sells its
products using the trademarks described above and uses the trademarks to distinguish its
products from the products and related items of others in the same or related fields.

71.     Because of YETI's long, continuous, and exclusive use of the YETI®
Trademarks, the trademarks have come to mean, and are understood by customers and the
public to signify, products from YETI.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 16

72.    Defendants' acts alleged herein constitute the importation of merchandise which bears imitations of the YETI® Trademarks without YETI's consent in violation of Section 526(a) of the Tariff Act, 19 U.S.C. § 1526(a).

73.    Defendants' use of the infringing marks was willful, intentional, and done with the knowledge that the marks are counterfeit marks, as defined in 15 U.S.C. §§ 1116(d) and 1127.

74.    Defendants' acts entitle YETI to damages for all of Defendants' profits derived from their past unlawful conduct, trebled, to the full extent provided under 15 U.S.C. § 1117(a)-(b), or in the alternative to statutory damages under 15 U.S.C. § 1117(c).

75.    YETI is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below.  Defendants' acts have caused irreparable injury to YETI which, on information and belief, is continuing.  An award of monetary damages cannot fully compensate YETI for its injuries, and YETI lacks an adequate remedy at law.

### FIFTH CLAIM
*(by Amazon against all Defendants)*
**False Designation of Origin and Description – 15 U.S.C. § 1125(a)**

76.    Plaintiff Amazon incorporates by reference the allegations of the preceding paragraphs as though set forth herein.

77.    Amazon's reputation for trustworthiness is at the heart of its relationship with customers.  Defendants' actions in selling counterfeits pose a threat to Amazon's reputation because they undermine and jeopardize customer trust in the Amazon store.

78.    Specifically, Defendants deceived Amazon and its customers about the authenticity of the products they were advertising, marketing, offering, and selling, in direct and willful violation of the BSA and Amazon's Anti-Counterfeiting Policies.  Defendants' deceptive acts were material to Amazon's decision to allow Defendants to sell their products in

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 17

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

the Amazon store because Amazon would not have allowed Defendants to do so but for their deceptive acts.

79. In advertising, marketing, offering, and selling counterfeit YETI products in the Amazon store, Defendants made false and misleading statements of fact about the origin, sponsorship, or approval of those products in violation of 15 U.S.C. § 1125(a)(1)(A).

80. Defendants' acts also constitute willful false statements in connection with goods and/or services distributed in interstate commerce in violation of 15 U.S.C. § 1125(a)(1)(B).

81. As described above, Defendants, through their illegal acts, have willfully deceived Amazon and its customers, jeopardized the trust that customers place in the Amazon store, tarnished Amazon's brand and reputation, and harmed Amazon and its customers. Defendants' misconduct has also caused Amazon to expend significant resources to investigate and combat Defendants' wrongdoing and to bring this lawsuit to prevent Defendants from causing further harm to Amazon and its customers. Defendants' illegal acts have caused irreparable injury to Amazon and, on information and belief, that injury is ongoing at least to the extent that Defendants continue to establish seller accounts under different or false identities. An award of monetary damages alone cannot fully compensate Amazon for its injuries, and thus Amazon lacks an adequate remedy at law.

82. Amazon is entitled to an injunction against Defendants, their officers, agents, representatives, servants, employees, successors and assigns, and all other persons in active concert or participation with them, as set forth in the Prayer for Relief below, along with its attorneys' fees and costs in bringing this lawsuit.

### SIXTH CLAIM
*(by YETI and Amazon against all Defendants)*
**Violation of Washington Consumer Protection Act, RCW 19.86.010, *et seq.***

83. Plaintiffs incorporate by reference the allegations of the preceding paragraphs as though set forth herein.

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1640
206.622.3150 main · 206.757.7700 fax

84.     Defendants' advertising, marketing, offering, and selling of counterfeit YETI products constitute an unfair method of competition and unfair and deceptive acts or practices in the conduct of trade or commerce, in violation of RCW 19.86.020.

85.     Defendants' advertising, marketing, offering, and selling of counterfeit YETI products harms the public interest by deceiving customers about the authenticity, origins, and sponsorship of the products.

86.     Defendants' advertising, marketing, offering, and selling of counterfeit YETI products directly and proximately causes harm to and tarnishes Plaintiffs' reputations and brands, and damages their business and property interests and rights.

87.     Accordingly, Plaintiffs seek to enjoin further violations of RCW 19.86.020 and recover their attorneys' fees and costs.  YETI further seeks to recover its actual damages, trebled.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for the following relief:

A.     That the Court issue an order permanently enjoining Defendants, their officers, agents, representatives, servants, employees, successors, and assigns, and all others in active concert or participation with them, from:

     (i)     selling products in the Amazon store;

     (ii)    selling products to Amazon or any affiliate;

     (iii)   opening or attempting to open any Amazon Selling Accounts;

     (iv)    manufacturing, importing, distributing, offering to sell, or selling any product using YETI's brand or trademarks, or which otherwise infringes YETI's intellectual property, on any platform or in any medium;

     (v)     assisting, aiding or abetting any other person or business entity in engaging or performing any of the activities referred to in subparagraphs (i) through (iv) above;

B.     That the Court enter judgment in Plaintiffs' favor on all claims brought by them;

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 19

C.      That the Court enter an order pursuant to 15 U.S.C. § 1116 impounding all counterfeit and infringing products bearing the YETI® Trademarks or that otherwise infringe YETI's IP, and any related materials, including business records, in Defendants' possession or under their control;

D.      That the Court enter an order requiring Defendants to provide Plaintiffs a full and complete accounting of all amounts due and owing to Plaintiffs as a result of Defendants' unlawful activities;

E.      That Defendants be required to pay all general, special, and actual damages which YETI has sustained, or will sustain as a consequence of Defendants' unlawful acts, together with statutory damages, and that such damages be enhanced, doubled, or trebled as provided for by 15 U.S.C. § 1117(b), RCW 19.86.020, or otherwise allowed by law;

F.      That Defendants be required to pay the costs of this action and Plaintiffs' reasonable attorneys' fees incurred in prosecuting this action, as provided for by 15 U.S.C. § 1117, RCW 19.86.020, or otherwise allowed by law; and

G.      That the Court grant Plaintiffs such other, further, and additional relief as the Court deems just and equitable.

DATED this 3rd day of December, 2020.

DAVIS WRIGHT TREMAINE LLP
*Attorneys for Plaintiff*

By  *s/ Anna Buono*
    Anna Buono, WSBA #56580

    *s/ Sarah Cox*
    Sarah Cox, WSBA #46703

    920 Fifth Avenue, Suite 3300
    Seattle, WA  98104-1604
    Tel: (206) 622-3150
    Fax: (206) 757-7700

Davis Wright Tremaine LLP
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1640
206.622.3150 main · 206.757.7700 fax

_s/ Scott R. Commerson_
Scott R. Commerson, *pro hac vice*
application forthcoming

865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6890
Fax: (213) 633-4290

Email:   annabuono@dwt.com
         sarahcox@dwt.com
         scottcommerson@dwt.com

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF - 21